

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 27, 2006

The Honorable Harold V. Dutton, Jr.
Chair, Committee on Juvenile Justice and
    Family Issues
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0418

Re: Retroactivity of Property Code section 5.077(c), which relates to liquidated damages in executory contracts for the sale of real property (RQ-0402-GA)

Dear Representative Dutton:

You ask about the retroactivity of Property Code section 5.077(c), which relates to liquidated damages in executory contracts for the sale of real property.[1]

Property Code chapter 5, subchapter D governs transactions involving an executory contract "for conveyance of real property used or to be used as the purchaser's residence or as the residence of a person related to the purchaser within the second degree by consanguinity."[2] TEX. PROP. CODE ANN. § 5.062(a) (Vernon Supp. 2005); *see also id.* §§ 5.061–.085 (Vernon 2004 & Supp. 2005). Relevant to your questions, section 5.077 provides that a seller in such a contract shall provide the purchaser with an "annual statement in January of each year for the term of the executory contract." *Id.* § 5.077(a) (Vernon Supp. 2005). The statement is to include information alerting the purchaser to, among other things, the amount paid under the contract, the number of payments remaining under the contract, and the amount paid to taxing authorities on the purchaser's behalf if collected by the seller. *See id.* § 5.077(b). And

> [a] seller who conducts less than two transactions in a 12-month period under this section who fails to comply with Subsection (a) is liable to the purchaser for:

---

[1]*See* Letter from Honorable Harold V. Dutton, Jr., Chair, Committee on Juvenile Justice and Family Issues, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Sept. 30, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]These executory contracts are also known as "contracts for deed. A contract for deed . . . allows [a] seller to retain title to . . . property until the purchaser has paid for the property in full." *Flores v. Millennium Interests, Ltd.*, No. 04-1003, 2005 WL 2397521, at *1 (Tex. Sept. 30, 2005) (defining executory contracts as the term used in Property Code chapter 5).

> (1) *liquidated damages in the amount of $100 for each annual statement the seller fails to provide to the purchaser within the time required by Subsection (a)*; and

> (2)  reasonable attorney's fees.

*Id.* § 5.077(c) (emphasis added).

Section 5.077's liquidated damages language as it reads now was created by House Bill 1823 during the Seventy-ninth Legislature's regular session and became effective September 1, 2005. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 978, § 5, 2005 Tex. Gen. Laws 3280, 3282 ("current section 5.077"). As amended in 2001, however, section 5.077 made any seller in an executory contract liable for liquidated damages "in the amount of $250 a day for each day after January 31 that the seller fail[ed] to provide the purchaser with the statement." Act of May 18, 2001, 77th Leg., R.S., ch. 693, § 1, 2001 Tex. Gen. Laws 1319, 1327 ("former section 5.077"). The 2001 legislation that amended former section 5.077 contained a savings clause that read:

> The change in law made by Subsection (c), Section 5.077 . . . applies only to a violation that occurs on or after September 1, 2001. A violation that occurs before September 1, 2001, is covered by the law in effect when the violation occurred, and the former law is continued in effect for that purpose.

Act of May 18, 2001, 77th Leg., R.S., ch. 693, § 3(h), 2001 Tex. Gen. Laws 1319, 1328. House Bill 1823, the 2005 bill, contains no such clause for section 5.077. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 978, § 5, 2005 Tex. Gen. Laws 3280, 3282. Thus, you ask:

> (1)    Whether a seller who satisfies the requirements of House Bill 1823, Section 5.077(c) is liable for liquidated damages that have accrued under former section 5.077 between January 31, 2002 and August 31, 2005, i.e., does House Bill 1823, Section 5.077(c) apply retroactively?

> (2)    Whether the liquidated damages provision contained in former Section 5.077 applies to lawsuits filed after September 1, 2005 for violations that occurred between September 1, 2001 and August 31, 2005. Or, stated differently, does House Bill 1823, Section 5.077(c) apply to all lawsuits filed after September 1, 2005?

Request Letter, *supra* note 1, at 2.

Without its own savings clause, current section 5.077(c) is subject to the general savings clause provision set forth in Government Code section 311.031. *See* TEX. GOV'T CODE ANN.

§ 311.031 (Vernon 2005); *see also* TEX. PROP. CODE ANN. § 1.002 (Vernon 2004) (Code Construction Act applies to the construction of the Property Code except as otherwise expressly provided). Relevant here, section 311.031 provides that "except as provided by Subsection (b), the reenactment, revision, amendment, or repeal of a statute does not affect . . . any violation of the statute or any penalty, forfeiture, or punishment incurred under the statute before its amendment . . . ." TEX. GOV'T CODE ANN. § 311.031(a)(3) (Vernon 2005). However, subsection (b) provides that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a[n] . . . amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." *Id.* § 311.031(b).

The Texas Supreme Court has determined that former section 5.077's liquidated damages provision is a penalty because it awards damages without reference to any actual loss or injury. *See Flores, supra* note 2, No. 04-1003, 2005 WL 2397521 at *5. And though current section 5.077(c) has not been construed, it too provides for liquidated damages without reference to actual damages. *See* TEX. PROP. CODE ANN. § 5.077(c) (Vernon Supp. 2005) (authorizing liquidated damages in the event seller fails to provide an annual statement without reference to purchaser's actual damages). As such, we must conclude that current section 5.077(c) is a statute that imposes a penalty. Thus, in answer to your first question, a seller who failed to provide the purchaser with statements between January 31, 2002 and August 31, 2005 would look first to former section 5.077 to determine the nature of the violation. *See* TEX. GOV'T CODE ANN. § 311.031(a)(3) (Vernon 2005) (amendment of statute does not affect violation of statute). But the seller would be liable only for the amounts mandated by current section 5.077(c) because that language reduces the penalty. *See id.* § 311.031(b) (penalty, if not imposed, "shall be imposed according to the statute as amended"). In sum, current section 5.077(c) applies retroactively.

You also ask whether current section 5.077(c) applies to all lawsuits filed after September 1, 2005, even where the violations that form the basis of the lawsuit occurred between September 1, 2001, and August 31, 2005. *See* Request Letter, *supra* note 1, at 2. For the same reasons outlined above, current section 5.077(c) applies to all lawsuits where the violations that form the basis of the lawsuit occurred after September 1, 2001. *See* TEX. GOV'T CODE ANN. § 311.031(a)(3), (b) (Vernon 2005).

## S U M M A R Y

The general savings clause in Government Code section 311.031 makes retroactive the portion of House Bill 1823 that amended Property Code section 5.077(c) in 2005. Thus, the portion of House Bill 1823 that amended Property Code section 5.077(c) in 2005 controls in any lawsuit the basis of which is a violation of former section 5.077's terms that occurred after September 1, 2001.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee